**In the Matter of David L. BRISCOE.**

No. 1283S467.

Supreme Court of Indiana.

Dec. 12, 1984.

Richard L. Russell, Russell & Shrock, Kokomo, for respondent.

Gregory M. Fudge, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

This case is before us on an one-count Verified Complaint for Disciplinary Action. The Hearing Officer appointed by this Court, upon a hearing of this matter, has submitted his Findings of Fact and Conclusions of Law. Neither party has petitioned for review.

This Court has examined all matters presented herein in accordance with the well-established review process employed in disciplinary cases. We, find that the David L. Briscoe is an attorney admitted to the Bar of the State of Indiana in 1969. We find further that the Respondent had represented Melinda Mullins (now Parks) in an action arising out of an automobile accident. During this representation, Melinda Parks and her husband, David Parks, requested that the Respondent prepare a bankruptcy petition on their behalf, and the Respondent agreed to do so. On April 30, 1980, the Respondent received $360 as an attorney fee. This money was derived from proceeds resulting from the automobile accident matter.

Thereafter, the Respondent was informed that a body attachment was outstanding for David Parks and that the Parks would not be able to go to Respondent's county to assist him in the preparation of the petition. At one time, the Respondent traveled to Lafayette, Indiana, to meet with the Parks but was unable to make contact with them. From April 30, 1980, through September, 1982, the Parks moved on numerous occasions and contact with them was difficult. Furthermore, they changed their residence from the Southern to the Northern District of Indiana and incurred numerous other debts, all of which necessitated changes in the petition. The petition for bankruptcy was substantially completed in early 1982.

On September 1, 1982, upon contacting the Respondent's office, Melinda Parks was advised that the Respondent would no longer represent them and that they should retain other counsel.

Melinda Parks filed a lawsuit in the Huntington County Court against the Respondent seeking a money judgment for failure to render legal services as contracted and seeking the return of the bankruptcy file. On April 28, 1983, the Court entered judgment on behalf of Melinda Parks in the amount of $360 plus costs, and further advised the Respondent to return the Parks' file by May 31, 1983. The Respondent did pay Melinda Parks $360 in accordance with the judgment. However, he failed to pay costs or to return the Parks' file until after the final hearing in the disciplinary proceeding at bar had commenced.

 The Hearing Officer has concluded, and we agree, that, by failing to file his clients' petition in bankruptcy, the Respondent has neglected a legal matter entrusted to him in violation of Disciplinary Rule 6–101(A)(3) of the *Code of Professional Responsibility for Attorneys at Law.* By failing to promptly comply with the trial court's order, the Respondent has violated Disciplinary Rule 7–106(A) and has engaged in conduct which is prejudicial to the administration of justice and conduct which adversely reflects on his fitness to practice law, in violation of Disciplinary Rules 1–102(A)(5) and 1–102(A)(6) of the *Code.*

Upon the finding of misconduct, it becomes this Court's duty to determine the appropriate sanction, if any. In this instance, the Respondent failed to provide the service for which he was hired. Upon failing to do so, the Respondent exacerbated the matter by failing to refund unearned fees and the clients' file and by further ignoring the order of the trial court. By these actions, he has breached a paramount duty to his clients and has flaunted the authority of our judicial system. Examining all the circumstances, we are not unmindful of the particular difficulty the Respondent encountered in contacting the clients, though this difficulty does not excuse Respondent's neglect or failure to comply with judicial orders. In light of these considerations and by virtue of the misconduct found herein, we conclude that the appropriate discipline is a public reprimand. Accordingly, the Respondent is hereby reprimanded and admonished for the misconduct found under the Verified Complaint filed in this case.

Costs of this proceeding are assessed against the Respondent.

DeBRULER, J., dissents and would find no misconduct.